IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELVIA T. D.,[1] | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) No. 23 C 77 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security finding that Plaintiff Elvia T. D. is ineligible for Supplemental Security Income ("SSI") benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 18] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

Plaintiff applied for SSI on April 29, 2020. On May 6, 2020, the Social Security Administration issued a notice stating that Plaintiff was ineligible for SSI benefits. Upon reconsideration dated June 16, 2020, the agency affirmed its determination. Plaintiff then timely requested a hearing before an Administrative Law Judge ("ALJ"). On May 11, 2021, the ALJ held an online video hearing, and all participants attended the hearing by video. At the hearing, Plaintiff was represented by a non-attorney representative (namely, Brian Harmon of Disability Representatives of America LLC). On July 13, 2021, the ALJ issued a decision in which she determined that Plaintiff was ineligible to apply for SSI benefits. Plaintiff then submitted additional evidence to the Social Security Administration Appeals Council. On November 3, 2022, the Appeals Council denied Plaintiff's request for review. The Appeals Council determined that the additional evidence Plaintiff submitted did not show a reasonable probability that it would change the outcome of the ALJ's decision. The ALJ's decision was left as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## DISCUSSION

As stated above, following the ALJ's decision, the Appeals Council denied Plaintiff's request for review, finding, *inter alia*, that the additional evidence Plaintiff submitted did not show a reasonable probability that it would change the outcome of the ALJ's decision. (R. 1-4.) Plaintiff's arguments for remand boil down

2

to her assertion that "[t]he Appeals Council improperly found that evidence submitted to it . . . was not new and material evidence creating a 'reasonable probability' that the decision would change if the ALJ was required to consider it." (Pl.'s Br. at 3.) Plaintiff has not argued that the ALJ's underlying decision was not supported by substantial evidence. This Court considers *de novo* whether the Appeals Council erred in determining that Plaintiff's newly-submitted evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision. *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *2 (7th Cir. Feb. 14, 2023); *Cavaricci J. v. Kijakazi*, No. 19-CV-0162, 2022 WL 1016406, at *3 (N.D. Ill. Apr. 5, 2022).

In evaluating the Appeals Council's determination, the Court first turns to the ALJ's decision itself. The ALJ concluded that Plaintiff – a lawfully admitted permanent resident alien (LAPR) – is not eligible to apply for SSI benefits. Plaintiff's eligibility for benefits hinges on the question of whether Plaintiff "entered the U.S. before 8/22/1996 and obtained qualified alien status after 8/22/1996 and has been continuously present in the U.S. (i.e., has not been outside the U.S. for a full calendar month or for 30 or more consecutive days) from the latest date of entry prior to 8/22/1996." SI 00502.135. In answering that question, the ALJ found that Plaintiff entered the U.S. prior to August 22, 1996 and obtained LAPR status as of March 2018. (R. 20.) However, the ALJ determined that Plaintiff had not established continuous presence – *i.e.*, Plaintiff did not submit sufficient evidence to show that she had <u>not</u> been outside the U.S. for a full calendar month or for 30 or

3

more consecutive days from her latest date of entry prior to August 22, 1996. (*Id.* at 21.) In other words, the ALJ found that Plaintiff's evidence did not sufficiently refute the possibility that she in fact had been out of the country for 30 or more consecutive days during the time period in question.

In arriving at her conclusion, the ALJ considered Plaintiff's testimony and the evidence she had submitted. In particular, the ALJ found that there was a glaring lack of evidence for certain time periods. The ALJ provided the following analysis:

> At hearing, the undersigned directly asked the claimant to provide the addresses where she has been living over time in an attempt to confirm her permanent residency, but the claimant had more and more difficulty recalling where she resided while going backward in time. She said she lived at various addresses and was raising her daughter, who has special needs. The claimant provided the names of the various schools her daughter attended, beginning at the age of six months. As her testimony contained substantial gaps, post hearing the claimant submitted documentation, including various documents concerning her daughter with copies of medical evaluations/reports, vaccination cards, correspondence regarding the claimant's IEP, and school attendance records from before 1996 until the records suddenly stop in June 2009, when her daughter was still school aged. Without explanation, the claimant has been unable to provide any documentation of her daughter's schooling or any other documents showing the claimant or her daughter were residing in the United States after June 2009 through March 2018, even though she had provided report cards, other school documents, as well as medical and immunization records for the period before 2010. Furthermore, while the claimant provided documented bills with dates as far back as 1984, receipts from payments made back in 1978 and 1979, and immigration related documents from several years ago, the record is devoid of any such documentation for the period between 2010 and 2018. Likewise, there is medical evidence related to the claimant's treatment in recent years, including 2019 and 2020, but nothing prior to that.

(R. 21-22 (citations omitted).)

The ALJ also considered Plaintiff's earnings records and zeroed in on the period from 2010 to 2018, stating as follows:

> The only information showing that the claimant was in the country between 2010 and 2018 includes earnings queries showing only very limited, scattered earnings doing temporary work some years, with no income reported during other years. Specifically, the claimant had no earnings in 2010, de minimis earnings of $92.40 in 2011, $4,815.20 in 2012, no earnings in 2013, $4,284.01 in 2014, then no earnings again in 2015 and 2016, $3,076.50 in 2017, and $4,305.45 in 2018. Thus, the claimant's earnings record is sparse with several years of minimal earnings, which suggests that the claimant may have worked for a short duration, in addition to entire years with no earnings posted at all. As such, the undersigned finds that the claimant's earnings record is so scattered and limited that it alone is not enough to show continuous presence during the years in question.

(R. 22 (citations omitted).)

Additionally – specifically pertinent to the arguments raised by Plaintiff – the ALJ evaluated Plaintiff's benefits application and her claim that she had submitted a revised, corrected application:

> Counter to the claimant's current assertion, she indicated on her application for Supplemental Security Income benefits, that she last entered the U.S. on or after August 22, 1996 and that she has been in the U.S. for less than 5 years. . . . At present, the Agency only has the claimant's testimony that she resided in the United States the entire time, and her current assertion is contrary to the information she declared on her application for Supplemental Security Income benefits as documented in Exhibit 1D. At her hearing, the claimant asserted that the Field Office erroneously entered the information in her application for Supplemental Security Income benefits, and that she annotated this application, apparently amending the document to support her testimony. However, the claimant's representative acknowledged he did not keep a copy of this "amended application" that would include such annotations and the Agency's records do not show that an amended application was presented. Thus, there is again no evidence in the record to support the claimant's assertions in this regard. Absent evidence to the contrary, the record does not support a finding that the claimant's changed statement is more accurate than her original statement.

5

(R. 22 (citations omitted).)

Though it was not part of the record before the ALJ, soon after her initial benefits application was received Plaintiff had in fact sent an amended version of the application to the SSA. For reasons that remain unclear, Plaintiff's revised application was never exhibited to Plaintiff's file in connection with her initial application. Plaintiff's initial application had been taken over the phone and when reduced to writing it stated that Plaintiff "entered the United States on or after August 22, 1996 and [had] been in the United States less than 5 years." [Doc. No. 18-2 at 4.] After receiving a copy for review, Plaintiff submitted the amended version to the SSA. In her application as revised, Plaintiff included an annotation stating that she entered the U.S. "[b]efore August 22, 1996 and [she had] not left or travelled from [the] U.S. for more than 1 month." [*Id.*] On August 29, 2021, following the ALJ's decision, Plaintiff's representative submitted the revised application to the Appeals Council. [Doc. No. 18-1.]

In the instant matter, Plaintiff argues that the Appeals Council should have found that there was a reasonable probability that consideration of the amended application would change the outcome of the ALJ's decision. According to Plaintiff, the "ALJ solved [the] whole puzzle" of Plaintiff's eligibility "by relying primarily on" the statement in Plaintiff's initial application. (Pl.'s Br. 8.) Along those lines, Plaintiff asserts that the revised application "undermined the primary basis for the ALJ's finding that Plaintiff's testimony was not credible." (*Id.* at 3.) The Court finds Plaintiff's arguments unavailing and concludes that the Appeal Council properly

6

determined that there was not a reasonable probability that the amended application would have changed the outcome of the ALJ's decision.

Though Plaintiff argues that the ALJ's credibility determination based on the initial application was the "centerpiece of her finding," that plainly is not the case. Per the passages quoted above, the ALJ determined that Plaintiff had not established continuous presence for a plethora of reasons, including: (1) a lack of Plaintiff's daughter's school records between 2009 and 2018; (2) a lack of billing records between 2010 and 2018; (3) a lack of payment receipts between 2010 and 2018; (4) a lack of immigration documents between 2010 and 2018; (5) a lack of medical records before 2019; and (6) earnings records between 2010 and 2018 showing only very limited, scattered earnings doing temporary work some years with no income reported during other years. So, the ALJ's finding of ineligibility was not solely based on her credibility determination vis-à-vis the initial application. A fundamental problem for Plaintiff is that the statement contained in the amended application is still just Plaintiff's bare assertion. Aside from any credibility issues, Plaintiff's bare assertion was not sufficiently supported by documentation, particularly with respect to the period between 2010 and 2018. And, crucially, consideration of the amended application would not otherwise change the dearth of evidence identified by the ALJ and would not countermand the ALJ's rationales outlined directly above. Accordingly, Plaintiff's arguments for remand must fail.

7

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 18] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

**SO ORDERED.**  **ENTERED:**

**DATE:** **October 5, 2023**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**